```
DARIN SNYDER (S.B. #136003)
dsnyder@omm.com
DAVID SEPANIK (S.B. #221527)
dsepanik@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Plaintiff
ARTIFEX SOFTWARE, INC.
```

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ARTIFEX SOFTWARE, INC., <br><br>             Plaintiff, <br><br>     v. <br><br> ENTWRX LTD., <br><br>             Defendant. | Case No. <br><br> **COMPLAINT FOR** <br> **1. COPYRIGHT INFRINGEMENT** <br> **2. MISAPPROPRIATION OF TRADE SECRETS** <br> **3. UNFAIR COMPETITION** <br> **4. UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Artifex Software, Inc. ("Artifex") for its Complaint against Defendant Entwrx, Ltd. ("Entwrx") alleges and avers as follows:

**INTRODUCTION**

1. Artifex is the owner of SmartOffice, a leading Microsoft Office mobile application that enables users to view, edit, create, share, and print Microsoft Word, PowerPoint and Excel Files.  Entwrx is engaged in the unauthorized and unlawful distribution of SmartOffice source code to third parties for profit.  This blatant violation of Artifex's copyrights and trade secrets comprises such patently unfair business practices as soliciting Artifex's customers and offering to sell them licenses to SmartOffice source code, thereby sowing confusion in the marketplace and

damaging Artifex's substantial investments in continuously improving SmartOffice and offering consumers the best possible software to seamlessly interface with Microsoft Office documents on their smartphones and tablets.

2. Entwrx's actions are only the latest scheme by its founders to exploit and confuse the world-wide market for Microsoft Office mobile applications, including SmartOffice. SmartOffice was previously owned by Picsel International Limited ("Picsel International") and SmartOffice Technologies Limited ("SmartOffice Ltd."). Those companies were forced into liquidation, and on February 19, 2014, Artifex purchased all rights to SmartOffice. Artifex has been substantially improving the SmartOffice application and popularizing its use ever since. The founders of Picsel International, after having disposed of the substantial Picsel-related liabilities they had accrued, formed Entwrx using a brother-in-law of one of the founders as a front. Through Entwrx they intended to recommence the distribution of SmartOffice regardless of the Picsel International and SmartOffice Ltd. bankruptcies. Fully aware that Artifex had purchased SmartOffice, they hatched a plan to circumvent Artifex by acquiring a "license" to distribute SmartOffice that had been issued to KSI Corp., a company founded by the former president of Picsel Japan, Ted Katagi, before Artifex purchased SmartOffice.

3. The Picsel International founders immediately began engaging in unlicensed activity through Entwrx, such as offering source code (as opposed to software) licenses for the SmartOffice code base, and claiming that Entwrx "maintains full license rights and ownership to the original SmartOffice [source] codebase."

4. Artifex demanded that Entwrx cease its improper distribution of SmartOffice, but Entwrx refused to comply, leaving Artifex no choice but to seek relief from this Court.

**NATURE OF THE CASE**

5. This action seeks to enjoin Entwrx from its unauthorized and unlawful use of Artifex's copyrights and trade secrets. Entwrx is soliciting third parties and offering for sale the source code for SmartOffice, which constitutes the copyright-protected intellectual property and trade secrets of Artifex.

6. Artifex seeks preliminary and permanent injunctive relief and damages under the

- 2 -    COMPLAINT

laws of the United States and the State of California.

**PARTIES**

7. Plaintiff Artifex is a California corporation with its principal place of business at 7 Mt. Lassen Drive, A-134, San Rafael, California.

8. Defendant Entwrx is a company incorporated under the laws of Scotland, with its corporate headquarters located in Glasgow, UK. On information and belief, Entwrx does business in California, offers to sell its infringing products in California through the Internet and through direct personal solicitations to California companies, and its Vice President of North American operations is located within California.

**JURISDICTION AND VENUE**

9. Artifex's action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Artifex also brings related claims of Unfair Competition in violation of the Lanham Act and state law claims for Misappropriation of Trade Secrets and Unfair Business Practices.

10. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

11. This Court has specific personal jurisdiction over Entwrx as it, through its Vice President of North American operations and its direct personal solicitations of California companies, purposefully committed within California the acts from which these claims arise and/or committed tortious acts outside California, knowing and intending that such acts would cause injury within the state to Artifex, a California corporation. The Court also has general personal jurisdiction over Entwrx as it conducts continuous, systematic, and routine business through the Internet and by personal solicitation within the state of California and within the jurisdiction of this Court.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a). Pursuant to Local Rule 3-2(d), assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate because Artifex was injured in Marin County, which is a substantial basis giving rise to the claims in this Complaint.

COMPLAINT

# GENERAL ALLEGATIONS

### Artifex And Its Acquisition Of Picsel IP

13. Artifex is a closely-held, private corporation that was formed in 1993 and is headquartered in San Rafael, California. Artifex develops and licenses software products that interpret files written in a page description language ("PDL"), such as the Portable Document Format ("PDF"), and that allow for viewing and editing Microsoft Office Suite documents on mobile devices.

14. One of Artifex's software products is SmartOffice, a best-selling suite of mobile applications that enables users to view, create, edit, and share Microsoft Office files and other documents. Artifex acquired SmartOffice as part of its acquisition of certain assets from Picsel International Limited ("Picsel International") and SmartOffice Technologies Limited ("SmartOffice Ltd.") when those companies were liquidated. Pursuant to this acquisition, Artifex now offers SmartOffice mobile applications on all leading platforms, including iPhone, iPad, and Android-powered tablets and smartphones worldwide.

15. On February 18, 2014, the Administrators of SmartOffice Ltd. and the Liquidator of Picsel International sold Artifex the IP assets to the SmartOffice application as part of the liquidation and administration of those defunct companies.

16. Among the assets acquired by Artifex during this liquidation are the source code, business intellectual property, and existing licenses of SmartOffice (the "Picsel IP").

17. Computer programs such as SmartOffice are written by programmers in a form known as "source code." Source code can be understood by humans but cannot be executed directly by a computer. Source code is later transformed into "executable" code that can be run on a computer, also known as "object code." A copy of the executable program contains only object code, and the source code for the program cannot be derived from this object code. Modifications to computer programs, including SmartOffice, must be completed by altering the source code, and they cannot be completed by altering the object code directly.

18. Artifex's business is based on the revenues derived from selling and licensing software programs for which it holds the IP rights, including SmartOffice. Artifex offers the

COMPLAINT

1  SmartOffice application to the public via licensing and distribution agreements, but it does not
2  license or distribute the SmartOffice source code.
3      19. Artifex filed an application for registration of the SmartOffice source code with
4  the United States Copyright Office on November 19, 2014 and received a notice of receipt from
5  the Office that same day.

### Entwrx's Limited Licensing of Picsel IP

7      20. The original founders of Picsel International, Majid Anwar and Imran Ullah
8  Khand, attempted to circumvent the liquidation of Picsel International and SmartOffice Ltd.—and
9  the consequent termination of their intellectual property rights—by using a shell corporation to
10  re-acquire limited licenses for SmartOffice, establishing a new company that falsely represents
11  that it possesses full ownership of the intellectual property now owned by Artifex, and offering
12  Artifex's intellectual property and trade secrets to the public.  Through this scheme Entwrx
13  blatantly and intentionally infringed numerous Artifex intellectual property rights.
14      21. The first step in this scheme was the creation of KSI Corporation ("KSI"), a
15  company founded by the former president of Picsel Japan, which had been affiliated with
16  Anwar's and Khand's former companies Picsel International and SmartOffice Ltd.  KSI acquired
17  a license from the UK Liquidators of SmartOffice Ltd. that granted KSI limited rights in
18  SmartOffice, including the right to use, make, market, sell, license, modify, and distribute
19  SmartOffice in executable code form. These rights expressly excluded the right to disclose or
20  license the SmartOffice source code.
21      22. KSI entered into a Licensing Agreement that delineated the specific, and limited,
22  permissible uses of the Picsel IP ("Agreement").  As stated in Paragraph 3.1 of the Agreement,
23  KSI was only permitted to "license . . . and/or otherwise distribute the Picsel IP in Binary Code
24  form."
25      23. The Agreement additionally required that KSI "keep secret and confidential at all
26  times . . . all Confidential Information," and it prohibited KSI from "us[ing] or disclos[ing] to any
27  third party any such Confidential Information unless for the proper purposes of this Agreement,
28  or having obtained the other party's prior written consent."  "Confidential Information" was

1  defined in Paragraph 1.1. of the Agreement as "all information relating to the Picsel IP."

2        24. Although the license granted KSI access to the SmartOffice source code to exploit
3  the specific rights granted under the license, the Agreement explicitly did "not permit any sub-
4  licensee" to "amend, adopt or otherwise deal with such source code." Paragraph 3.2.

5        25. Anwar and Khand formed Picsel Scotia Ltd. shortly after KSI acquired its limited
6  license in SmartOffice. Although initially incorporated under the name of a brother-in-law,
7  Anwar and Khand—the original Picsel International founders—are the corporate directors and
8  moving forces behind the company. Picsel Scotia Ltd. then purportedly purchased KSI and the
9  limited rights in SmartOffice obtained by KSI during the liquidation. Shortly after learning of
10 Picsel Scotia Ltd, Artifex issued a cease and desist letter to Picsel Scotia Ltd. based on its
11 infringing use of the PICSEL mark, and the company immediately changed its name to Entwrx.

12       26. Although Entwrx claims ownership of the limited rights in SmartOffice obtained
13 by KSI during the liquidation, it has refused to provide Artifex with any documentation to support
14 this representation. Even assuming, but not conceding, that Entwrx has any rights under the
15 contract entered into by KSI, Entwrx's rights under the limited license do not include the right to
16 license SmartOffice source code and are contingent on its continued compliance with the
17 confidentiality provisions of the Agreement, which prevent Entwrx from disclosing or allowing
18 any sub-licensee to amend, adopt or otherwise deal with the SmartOffice source code.

19            **Entwrx's Improper Use and Disclosure of Picsel Source Code**

20       27. On August 14, 2014, Jim Thomas, Entwrx's North American Vice President,
21 solicited via email employees of $EMC^2$. $EMC^2$ is an information technology company and a
22 long-time client of Artifex. In Thomas's email, Entwrx fraudulently—and contrary to the express
23 terms of the Agreement—represented that Entwrx "maintains full license rights and ownership to
24 the original SmartOffice [source] codebase." Entwrx, through this email, expressly offered to
25 license the source code for SmartOffice, and stated that it had done so "for many of [its] other
26 customers."

27       28. Prior to $EMC^2$'s receipt of the email from Entwrx, Artifex was in communication
28 with $EMC^2$ regarding $EMC^2$'s information technology needs. In response to the email from

- 6 -      COMPLAINT

1  Entwrx, an EMC$^2$ representative contacted Artifex questioning Artifex's prior representation that
2  it had acquired SmartOffice and its intellectual property, and it enquired whether Artifex was now
3  operating under the entity name Entwrx.

4      29. On information and belief, Entwrx has solicited other clients and potential clients
5  of Artifex, similarly offering to disclose Artifex's trade secrets and offering a license to Artifex's
6  exclusive intellectual property.  On information and belief, Entwrx has disclosed Artifex's trade
7  secrets and has licensed Artifex's intellectual property to third parties.

8      30. Upon Artifex's discovery of Entwrx's improper use and disclosure of the Picsel IP,
9  Artifex terminated the license granted to KSI due to Entwrx's material and irrevocable breach of
10 the terms of the licensing agreement on August 22, 2014.  Entwrx acknowledged receipt of
11 Artifex's letter terminating the license on August 28, 2014.

12     31. On information and belief, Entwrx is continuing to offer third parties Artifex's
13 protected trade secrets and intellectual property.  Artifex further alleges that Entrwx is, in fact,
14 continuing to disclose Artifex's trade secrets and to license its intellectual property, including the
15 limited sub-licensing rights that were revoked upon Artifex's discovery of Entwrx's violation of
16 the Agreement, and the SmartOffice source code.

17     32. Entwrx's past and continuing violations of Artifex's intellectual property rights
18 constitute substantial, irreparable harm to Artifex.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

22     33. Artifex realleges and incorporates by reference each and every allegation set forth
23 in the preceding paragraphs.

24     34. Prior to initiating this action, Artifex filed a completed registration application
25 with the United States Copyright Office on November 19, 2014.

26     35. Through the actions complained of herein, Entwrx has infringed and will continue
27 to infringe Artifex's copyright in and relating to any version of SmartOffice, by copying,
28 distributing, selling and/or licensing the SmartOffice source code to third parties.  Any such use

1  of the SmartOffice source code is beyond the scope of the limited license granted to KSI under
2  the Agreement.

3  36. Artifex is entitled to an injunction restraining Entwrx, its officers, agents,
4  employees, assigns and all persons acting in concert with them from engaging in further such acts
5  of reproduction or distribution in violation of federal copyright law.

6  37. Artifex is entitled to recover from defendants the damages it has sustained and will
7  sustain as a result of defendant Entwrx's wrongful acts as alleged herein.  Artifex is further
8  entitled to recover from defendant Entwrx the gains, profits, and advantages it has obtained as a
9  result of Entwrx's wrongful acts.  The full extent of Artifex's damages and the gains, profits, and
10 advantages Entwrx has obtained by reason of its aforesaid acts of copyright infringement cannot
11 be determined at this time, but will be proven at trial.

**SECOND CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS**

**(Cal. Civ. Code § 3426 *et seq*.)**

15 38. Artifex realleges and incorporates by reference each and every allegation set forth
16 in the preceding paragraphs.

17 39. Artifex's trade secret technology consists of software and other information not
18 generally known to the public, including, but not limited to the SmartOffice source code. Artifex
19 has taken reasonable measures to maintain its secrecy.  It is the product of substantial investment
20 that would be lost or substantially lessened by disclosure to the public.  SmartOffice cannot easily
21 be duplicated or altered without specific knowledge of and access to Artifex's source code.
22 Artifex's source code therefore constitutes and comprises "trade secrets" under applicable law.

23 40. The Agreement imposed on Entwrx the obligation to retain the secrecy of any
24 Picsel IP, including the SmartOffice source code, that it received as necessary to permit it to
25 exploit the specific rights granted under the Agreement.  This Agreement permitted solely the
26 use, sale, and disclosure of the SmartOffice object code and prohibited the disclosure of the
27 SmartOffice source code.

28 41. Entwrx wilfully and maliciously misappropriated Artifex's trade secrets by selling

and/or licensing, and thereby intentionally disclosing, the SmartOffice source code, which was communicated to KSI in the context of a limited licensing agreement.

42. Artifex is entitled to recover from Entwrx the damages sustained as a result of the misappropriation alleged here. The amount of such damages cannot be determined at this time but will be proven at trial.

43. Artifex is informed and believes that Entwrx's acts of misappropriation were both willful and malicious, meriting the imposition of punitive damages.

44. Artifex is informed and believes that Entwrx is continuing and will continue to misappropriate Artifex's trade secrets. By reason of that ongoing misappropriation, Artifex will suffer severe and irreparable harm and damages, and it will be without an adequate remedy at law. Artifex is therefore entitled to an injunction restraining Entwrx, its officers, agents, employees, assigns and all persons acting in concert with them and any person or entity acting in concert with them, from misappropriating Artifex's trade secrets.

**THIRD CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

**(Lanham Act § 43(a))**

45. Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46. By its actions as set forth above, Entwrx has violated and is violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Entwrx has publicly and falsely designated itself as authorized to distribute the SmartOffice source code. That false designation has caused and is likely to continue to cause confusion or mistake, and it has deceived and is likely to deceive customers as to Entwrx's association with and rights to the SmartOffice source code.

48. Entwrx's public statements have deceived or have the tendency to deceive a substantial segment of the audience for which they were intended. Entwrx's statements were made in interstate commerce, and Entwrx has caused its goods to enter interstate commerce.

49. The deception resulting from Entwrx's statements is material, because it is likely

1   to influence the purchasing decisions of customers.

2   50. These wrongful acts have proximately caused and will continue to cause Artifex substantial injury, including diversion of sales, loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its confidential information and other proprietary data.  These actions will cause imminent and irreparable harm and injury to Artifex, the amount of which will be difficult to ascertain, if they continue.

3   51. Artifex is entitled to recover from Entwrx the damages sustained as a result of this breach.  Artifex is further entitled to recover the gains, profits, and advantages that Entwrx obtained as a result of its breach.  The amount of such damages, gains, profits and advantages cannot be determined at this time but will be proven at trial.

4   52. Artifex is further entitled to costs, to treble damages as a result of Entrwx's bad faith, and to reasonable attorney's fees because this case is exceptional.

5   53. Artifex is entitled to an injunction restraining Entwrx, its officers, agents, employees, assigns and all persons acting in concert with them from engaging in further such unfair, unlawful, and fraudulent conduct.

**FOURTH CLAIM FOR RELIEF**

**UNFAIR BUSINESS PRACTICES**

**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

54. Artifex realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

55. Entwrx's aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of the California Business and Professions Code §§ 17200 *et seq.*

56. These wrongful acts have proximately caused and will continue to cause Artifex substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its confidential information and other proprietary data.  These actions will cause imminent and irreparable harm and injury to Artifex, the amount of which will be difficult to ascertain, if they continue, and Artifex will be

1  without an adequate remedy at law.  Artifex is therefore entitled to an injunction restraining
2  Entwrx, its officers, agents, employees, assigns and all persons acting in concert with them, from
3  engaging in further such unfair, unlawful, and fraudulent conduct.

## PRAYER FOR RELIEF

Artifex prays for judgment against Entwrx as follows:

1. For permanent injunctive relief, including an order restraining and enjoining Entwrx from further infringement of Artifex's copyright, misappropriation of Artifex's trade secrets, unfair competition, and unfair business practices, specifically:

   a. that Entwrx, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, and each of them, be enjoined from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any version of SmartOffice, including those previously licensed to KSI, and any works derived or copied from any such version of SmartOffice, or to participate or assist in any such activity;

   b. that Entwrx, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Artifex's copyright in SmartOffice;

   c. that Entwrx, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined from disclosing Artifex's trade secrets with relation to SmartOffice or any other Picsel IP;

   d. that Entwrx, as well as any successor entities, its directors and officers, agents, servants, employees, assigns, and all other persons acting in active concert or privity or in participation with them, be enjoined to return to

        Artifex any originals, copies, facsimiles, or duplicates of any version of SmartOffice licensed to KSI under the Agreement, any works derived or copied from any such version of SmartOffice in their possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

    e. that Entwrx be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any version of SmartOffice licensed to KSI under the Agreement, any works derived or copied from any such version of SmartOffice in their possession, custody, or control that are shown by the evidence to infringe any Artifex copyright;

2. For compensatory damages against Entwrx, including any consequential or statutory damages, in an amount to be determined at trial;

3. For exemplary and punitive damages;

4. For attorneys' fees and costs of suit incurred herein;

5. For the value of Entwrx's unjust enrichment, including all gains, profits, or advantages attributable to defendants' wrongful acts alleged herein;

6. That the Court grant such other, further, and different relief as the Court deems appropriate.

Dated: November 25, 2014

                    DARIN SNYDER
                    DAVID SEPANIK
                    O'MELVENY & MYERS LLP

                    By:   /s/ Darin Snyder
                          Darin Snyder
                    Attorneys for Plaintiff
                    Artifex Software, Inc.

COMPLAINT